UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| RODNEY LIONEL BRADY, #262255, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-285 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| ROGER GERLACH, M.D., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint concerns the adequacy of the medical care he received at the Richard A. Handlon Correctional Facility (MTU) from Roger Gerlach, M.D. Plaintiff alleges that defendant was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Plaintiff seeks damages and release from prison on "medical parole." (docket # 1 at ID# 3).

The matter is before the court on defendant's February 8, 2012 motion for summary judgment. (docket # 24). On February 9, 2009, the court entered an order notifying plaintiff of his opportunity to submit affidavits, documents or other materials in opposition to defendant's motion on or before March 8, 2012. (docket # 28). Plaintiff elected not to file a response to defendant's motion. For the reasons set forth herein, I recommend that plaintiff's request for injunctive relief be dismissed as moot because he has been released on parole. I further recommend that defendant's

motion for summary judgment (docket # 24) be granted,[1] and that judgment be entered in defendant's favor on all plaintiff's claims for damages.

## **Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Gecewicz v. Henry Ford Hosp. Corp.*, 683 F.3d 316, 321 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wasek v. Arrow Energy Services, Inc.*, 682 F.3d 463, 467 (6th Cir. 2012).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV. P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Coleman v. Bowerman*, No. 11-1501, 2012 WL

---

[1]It is not necessary to address defendant's alternative request for dismissal of plaintiff's claims based on the affirmative defense provided by 42 U.S.C. § 1997e(a).

1109613, at * 1 (6th Cir. Apr. 4, 2012).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555  F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757,  760-61 (6th Cir. 2012).

Although plaintiff elected not to file a response to defendant's motions for summary judgment, the court may not for that reason alone enter judgment against plaintiff.  *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000).  Rather, the court is required to examine the movant's summary judgment motions to ensure that he has discharged his initial burden.  FED. R. CIV. P. 56(e)(3).

### Proposed Findings of Fact

The following facts are beyond genuine issue.  At all times relevant to his complaint, plaintiff was an inmate in the custody of the Michigan Department of Corrections (MDOC) housed at the Richard A. Handlon Correctional Facility (MTU).   The defendant, Roger Gerlach, M.D., is a licensed physician.

Dr. Gerlach first became involved in plaintiff's care on May 18, 2010.  During the months  preceding this date, plaintiff had twice been scheduled to have a presumed cancerous mass surgically removed from his kidney, but at the last minute, he refused to go forward with surgery.  Dr. Gerlach was able to persuade plaintiff to go forward with the surgery, and in June 2010, the cancerous mass was removed.

Dr. Gerlach treated plaintiff for a wide variety of complaints, principally back pain, skin rashes, and headaches.  He prescribed a number of medications to address plaintiff's subjective complaints, but refused to prescribe the narcotics plaintiff wanted because they were medically inappropriate.

In February 2011, plaintiff complained of rectal bleeding.  A CT scan of his abdomen revealed no significant internal abnormality.  Dr. Gerlach found that plaintiff had a small anal fissure associated with constipation.  He "prescribed Psyllium (Metamucil) and Anusol (hemorrhoid type ointment)."  In March 2011, plaintiff stated that his rectal bleeding had essentially resolved with this treatment.  Periodic testing of plaintiff's blood and urine returned normal results.

Plaintiff's objective test results never warranted a referral to a specialist.  When Dr. Gerlach made a referral for a psychiatric evaluation, plaintiff refused to see the psychiatrist or consider psychiatric treatment.

On March 22, 2011, plaintiff filed this lawsuit.  In October 2011, he was released from prison on parole.  (docket # 20).

## Discussion

### 1.      Mootness

Plaintiff has been released from prison on parole.  His claim for injunctive relief against Dr. Gerlach is moot.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

2.    **Eighth Amendment**

Plaintiff alleges that defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause.  In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05.  In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard.  Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component).  501 U.S. at 298.  No reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against defendant.

The objective component of the Eighth Amendment standard requires that a plaintiff be suffering from a serious medical condition.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Hudson v. McMillian*, 503 U.S. 1,  9 (1992). "The objective component requires a plaintiff to show that 'the medical need at issue is sufficiently

-5-

serious.'" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004)); *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010). The evidence before the court is evidence on which a reasonable trier of fact could find in plaintiff's favor on the objective component of an Eighth Amendment claim.

The second prong under *Estelle* requires a showing of "deliberate indifference" to plaintiff's serious medical need.[2] The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

---

[2] Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law. *See Reilly v. Vadlamudi*, 680 F.3d 624-25 (6th Cir. 2012); *Alspaugh v. McConnell*, 643 F.3d at 169; *Westlake*, 537 F.2d 860 n.5; *accord Minneci v. Pollard*, 132 S. Ct. 617 (2012) (refusing to imply a *Bivens* remedy against employees of a privately operated federal prison for allegedly providing inadequate medical care because state law authorized adequate alternative damages actions).

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs against defendant. He has not provided evidence of any deficiency in Dr. Gerlach's care. On the present record, no reasonable trier of fact could find that defendant was deliberately indifferent to a serious medical need. I find that defendant is entitled to judgment in this favor as a matter of law on all plaintiff's claims.

### Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's request for injunctive relief be dismissed as moot. I further recommend that defendant's motion for summary judgment (docket # 24) be granted, and that judgment be entered in defendant's favor on all plaintiff's claims for damages.

Dated:   August 24, 2012          /s/  Joseph G. Scoville
                                          United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).